UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALICIA QUINONEZ,<br><br>                     Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                     Defendant. | NO: 13-CV-3039-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 14, 18).  Plaintiff is represented by D. James Tree.  Defendant is represented by Terrye E. Shea.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on September 25, 2009 and February 1, 2010. Tr. 154-161, 162-167. Plaintiff claimed an onset date of May 15, 2009. *Id*. The claims were denied initially and upon reconsideration. Tr. 84-87, 92-93, 97-99. The Plaintiff requested a hearing, and a hearing was held before an Administrative Law Judge on January 12, 2012. Tr. 43-71. The ALJ issued a decision denying Plaintiff benefits on January 27, 2012. Tr. 20-31.

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2015. Tr. 22. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 15, 2009, the alleged onset date. *Id*. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity; diabetes mellitus; pain in right shoulder, knee, hip and back with minimal abnormal findings. *Id*. At step three, the ALJ

found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. Tr. 23-25. The ALJ then determined that Plaintiff had the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except all postural activities are limited to occasional and the claimant should never crawl or climb ladders, ropes or scaffolds. The claimant should not perform overhead reaching with the right upper extremity and should avoid concentrated exposure to extreme cold, wetness, humidity, vibrations and hazards.

Tr. 26. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work as a farm worker and caregiver (medium exertion). Tr. 29. At step five, after having considered Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are light exertion jobs that exist in significant numbers in the national economy that the claimant can perform, such as potato chip sorter, silver wrapper and agricultural sorter. Tr. 30-31. Accordingly, the ALJ found Plaintiff not disabled. Tr. 31.

The Appeals Council denied Plaintiff's request for review on February 6, 2013, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-8; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff raises four issues for review:

1. Whether the ALJ improperly rejected the opinions of Dr. Palmatier and PA-C Paul Furan that Plaintiff was limited to sedentary work (ECF No.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

14 at 6-7);

2. Whether the ALJ fulfilled her duty to fully develop the record (*id*. at 8-10);

3. Whether the ALJ committed harmful reversible error by making improper credibility findings (*id*. at 10-14).

4. Whether the ALJ committed harmful reversible error by rejecting Plaintiff's subjective complaints based on her activities of daily living (*id*. at 14-16).

## DISCUSSION

**A. Opinions of Treating Medical Sources.**

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray,* 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss,* 427 F.3d at 1216 (*citing Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir. 1995)). An ALJ may

also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation and citation omitted).

Although the treating physician's opinion is generally afforded the greatest weight, it is not binding on the ALJ regarding the existence of an impairment or determination of disability. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan*, 242 F.3d at 1149 (citation omitted); *accord Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Plaintiff contends Dr. Palmatier and PA Furan opined she was limited to sedentary work and the ALJ committed harmful reversible error by rejecting these opinions and finding instead that she could perform light work. ECF No. 14 at 6-7. Defendant contends that where there is conflicting medical evidence, the Commissioner must determine credibility and resolve the conflict. Defendant contends that "[o]ne way that an ALJ can give specific, legitimate reasons for rejecting controverted medical opinions is by summarizing the conflicting evidence

in detail and interpreting it. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)."

The Court has thoroughly reviewed the administrative record and cannot conclude that Dr. Palmatier and PA Furan, both working at the Sunnyside Worker Clinic, opined Plaintiff was limited to sedentary work. It is true, as Plaintiff contends, that these treating medical sources on occasion opined that Plaintiff could perform no work. *See e.g.*, Tr. 470, 478, 479, 482. Yet, on at least as many occasions these treating sources opined that Plaintiff could return to "full duty" or "light duty" work. *See e.g.*, Tr. 462, 466, 467, 468, 471, 474. Then of course, there are all those other occasions that these treating medical sources opined that Plaintiff could return to "modified duty." *See e.g.,* Tr. 464, 465, 469, 472, 475, 476, 481, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 500, 501, 502, 505. To further complicate matters, Dr. Palmatier observed on March 10, 2010, that Plaintiff "was noted to be at maximum medical improvement. . . . there was no impairment given for the right hip or right knee areas. . . she was judged to be able to work. . . . she was working as a sorter in a sit/stand option. . . . [and she] could continue on the same light duty program as before with sit/stand option sedentary type work." Tr. 497-498.

At the administrative hearing before the ALJ, Plaintiff's counsel acknowledged the equivocation in the record by Dr. Palmatier, but conceded that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

Dr. Palmatier's opinion included light duty work: "I know he classified it at one point, he said, modified lighter duty. Another place he put sedentary type work. So, with . . . . occasional stand/walk, sorry, and nothing frequent lifting, this is consistent with light work." Tr. 70. Consequently, the ALJ made the following findings:

> Dr. Palmatier stated the claimant could continue with light duty with a sit/stand option at a sedentary work level. However, his opinion is accorded less weight because his findings are not consistent with his own records or findings on multiple examinations. In addition, Dr. Palmatier's opinion is not consistent with the examinations and findings throughout the remainder of the record. In fact, Dr. Palmatier himself expressed doubts about the claimant's pain complaints in the face of a lack of objective findings and he recommended she return to work. Furthermore, the claimant did not take pain medication other than Ibuprofen for pain complaints. Dr. Palmatier's opinion the claimant is limited to sedentary work with a "sit/stand" option is extremely contrary to all the other opinions contained within the record and in his own treatment records.

Tr. 28. These findings are supported by the record and within the prerogative of the Commissioner to resolve conflicting evidence and the seemingly contradictory evidence from the same medical sources.

**B. The ALJ's Duty to Develop the Record.**

Plaintiff faults the ALJ for not seeking evidence to clarify what Dr. Palmatier and Mr. Furan were opining by their ambiguous references to light duty and modified duty. ECF No. 14 at 8-9. Additionally, Plaintiff faults the ALJ for

1  not developing the record regarding her shoulder impairment and resulting surgery.
2  *Id*. at 9-10.  Defendant contends the record is fully developed.  Most importantly,
3  the ALJ reviewed and discussed the post-operative physical therapy records
4  concerning Plaintiff's shoulder. Tr. 24.  Plaintiff's counsel assured the ALJ that he
5  had ordered and would submit the shoulder surgery records.  That never happened.
6  Post-operative, the MRI evidence was normal, she had good range of motion, but
7  experienced pain predominately from overhead flexion.  *See* Tr. 24.  The ALJ
8  accommodated this restricted range of overhead reaching with the right upper
9  extremity in formulating the RFC.  Plaintiff fails to show harmful error from the
10 absent surgery records.

   Given the occupation Plaintiff was actually performing, work as a sorter,
which Dr. Palmatier acknowledged, there was no further obligation of the ALJ to
develop the record concerning his opinion about light duty and modified duty.
Considering the record as a whole, as the Court must, including the statements of
Plaintiff's counsel concerning both of these issues, there has been no showing of
harmful error.

**C. Plaintiff's Credibility.**

   Plaintiff contends the ALJ erroneously discounted her credibility because of
1) the inconsistencies as to how her injuries occurred, 2) because the ALJ
erroneously found that Plaintiff reported she will not go back to work regardless of

what treating and examining sources determine, and 3) the ALJ erroneously found Plaintiff was recalcitrant to any type of treatment measures that would improve her functioning. ECF No. 14 at 10-11. Additionally, Plaintiff contends the ALJ erroneously used Plaintiff's activities of daily living to discount her credibility. *Id*. at 14-16.

Defendant contends the ALJ properly considered these factors (including activities of daily living, despite Plaintiff's insistence that Defendant waived this issue by not addressing it) in weighing Plaintiff's credibility, citing *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

In the event that an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id*. The ALJ may also consider a claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing."  *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

      Here, the ALJ provided specific, clear and convincing reasons, supported by substantial evidence in the record, for discounting Plaintiff's complaints of total disability.  First, Plaintiff's explanation of how her injuries occurred makes perfect sense to the Court, but this explanation was not before the ALJ.  The record supports the ALJ's finding that her inconsistent explanations show she may not be a reliable historian.  Tr. 23.

      Contrary to Plaintiff's assertion, the record supports the ALJ's statement that she "reported she will not go back to work regardless of what treating and examining sources determine."  Tr. 26, 493 ("She reports that she will not go back to work regardless of what we say here.")  Albeit, the ALJ cited Ex. 13F/30, rather than Ex. 13F/39.

      Contrary to Plaintiff's assertion, the record also supports the ALJ's statement that she "was recalcitrant to any type of treatment measures that would

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

improve her functioning." Tr. 28, 453. The ALJ made this observation in connection with statements in the record, made by two independent medical examiners.

Finally, the ALJ's observations concerning Plaintiff's activities of daily living are supported by the record. These activities were not the sole reason for finding Plaintiff not disabled, but properly used by the ALJ in conjunction with other evidence in the record to support the ALJ's findings.

Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).[1] However, a claimant need not be utterly incapacitated to be eligible for benefits. *Id*. Many activities are not easily transferable to what may be the more grueling environment of the workplace, where it might not be possible to rest or take medication. *Id*. (citation omitted). Yet daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

---

[1] Plaintiff's citation to a quote from a nonexistent Ninth Circuit decision is quite unhelpful to the Court. ECF No. 14 at 15. The Court expects complete candor from counsel, not half-truths and imaginary citations.

The Court has reviewed the record as a whole and notes that there are several other specific, clear and convincing reasons given by the ALJ for discounting Plaintiff's testimony. These findings have not been challenged and are supported by substantial evidence, thus, no error has been shown.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** May 30, 2014.



THOMAS O. RICE
United States District Judge